# **Exhibit A**

[Proposed Interim Order]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BLEACHER CREATURES, LLC, | : | Case No. 17-13162 (JKF) |
| | : | |
| Debtor.[1] | : | |
| | : | |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF
PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS;
AND (II) GRANTING RELATED RELIEF**

AND NOW, this _____ day of _____, 2017, upon consideration of the motion of the above-captioned debtor and debtor in possession (the "Debtor") for entry of interim and final orders authorizing the Debtor to pay certain prepetition, fixed, liquidated, and undisputed claims of certain critical vendors, subject to the conditions described therein and scheduling a final hearing on the relief requested therein (the "Motion");[2] and having heard the statements of Debtor's counsel and the statements of other parties in interest who appeared; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the Motion is in the best interests of the Debtor, its estate, and its creditors; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

---

[1] The last four digits of the Debtor's federal tax identification number are (4547). The principal place of business of the Debtor is 527 Plymouth Road, Suite 407, Plymouth Meeting, Pennsylvania 19462.

[2] Capitalized but undefined terms have the meaning ascribed to them in the Motion.

**ORDERED**, that the Motion is **GRANTED** on an interim basis to the extent provided herein; and it is further

**ORDERED**, the Debtor is authorized, but not directed, to pay in the ordinary course of business certain undisputed, prepetition Critical Vendor Claims in an amount not to exceed the Interim Critical Vendor Cap, unless otherwise set forth in a further order, after notice and a hearing; and it is further

**ORDERED**, that in return for payment of the Critical Vendor Claims, the Debtor shall seek agreements from the Critical Vendors to provide services to the Debtor on Customary Trade Terms, or such other terms as may be agreed upon between the Debtor and such Critical Vendor; and it is further

**ORDERED**, that if any Critical Vendor accepts payment on account of a prepetition obligation of the Debtor and thereafter does not continue to provide goods or services to the Debtor on Customary Trade Terms, or other trade terms agreed upon by the Debtor, the Debtor may deem such payment on account of a prepetition claim (i) an avoidable postpetition transfer under section 549 of the Bankruptcy Code and may be recoverable by the Debtor; or (ii) to have been in payment of then-outstanding (or subsequently accruing) postpetition claims of such Critical Vendor without further order of the Court or action by any person or entity.  In the event that the Debtor recovers any such funds pursuant to the foregoing sentence, the claim of the Critical Vendor shall be reinstated as a prepetition claim in the amount so recovered.  The Debtor is hereby authorized, but not directed, to obtain written verification before issuing payment to a Critical Vendor that such Critical Vendor will, if relevant, continue to provide services to the Debtor on Customary Trade Terms, or other agreed upon trade terms, for the remaining term of

2

the Critical Vendor's relationship with the Debtor; <u>provided</u>, <u>however</u>, that the absence of such written verification will not limit the Debtor's rights hereunder; and it is further

**ORDERED**, that upon any refusal by a third party to release Goods being held as security for such party's unsatisfied prepetition claim, the Debtor shall be entitled to seek an expedited hearing, on no fewer than 5 days' notice, to compel the release of such property; and it is further

**ORDERED**, that nothing in this Order shall prohibit the Debtor from seeking Court authority to increase the prepetition amounts authorized to be paid to the Critical Vendors and for Critical Vendor Claims; and it is further

**ORDERED**, that nothing herein shall impair the Debtor's ability to contest, without prejudice, the validity and amounts owing to Critical Vendors or the validity and amount of the Critical Vendor Claims; and it is further

**ORDERED**, that nothing herein shall be deemed to constitute the postpetition assumption of any executory contracts between the Debtor and the Critical Vendors; and it is further

**ORDERED,** that notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtor's banks are **AUTHORIZED** and **DIRECTED** to receive, process, honor, and pay all of the Debtor's prepetition checks, and fund transfers on account of

any of Critical Vendor Claims; and further, the Debtor's banks are prohibited from placing holds on, or attempting to reverse, any automatic transfers to any account of prepetition Critical Vendor Claims; and it is further

**ORDERED**, that the requirements of Bankruptcy Rule 6003 are satisfied; and it is further

**ORDERED**, that this Order empowers, but does not direct, the Debtor to effectuate any of the payments provided for herein; and it is further

**ORDERED**, that any objections to the Motion shall be filed with the Court and served upon counsel to the Debtor, Michael J. Barrie, Esquire, Benesch Friedlander Coplan & Aronoff LLP, One Liberty Place, 1650 Market Street, Suite 3628, Philadelphia, PA 19103-7301 **so as to be received on or before** _____, 2017.  In the event that no objections are timely filed and served in accordance with this Interim Order, the Court may enter an Order granting the Motion and authorizing the Debtor to pay Critical Vendor Claims up to the Final Critical Vendor Cap without further notice; and it is further

**ORDERED**, that a final hearing on this Motion shall be heard in Courtroom No. \_\_\_\_\_ of the United States Bankruptcy Court, 900 Market Street, Philadelphia, Pennsylvania 19107-4299 at \_\_\_\_\_:\_\_\_\_\_ \_\_\_.m. (Eastern Time) on _____, 2017; and it is further,

**ORDERED**, that this Order shall be effective immediately upon entry hereof; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any and all matters arising from or related to this Order.

BY THE COURT:

_____
UNITED STATES BANKRUPTCY JUDGE

Copies to: attached service list

Bleacher Creatures, LLC
527 Plymouth Road, Suite 407
Plymouth Meeting, PA 19462

Beneficial Mutual Savings Bank
1818 Beneficial Bank Place
1818 Market Street
Philadelphia PA 19103

Office of the United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Counsel to the Stalking Horse Bidder
Thomas D. Bielli, Esquire
Bielli & Klauder, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

**Twenty Largest**

American Express
Accounts Receivable
P.O. Box 360001
Fort Lauderdale, FL 33336

Anbest Toys and Gifts
Attn.: Cherry
No.66 Lianxin Road, Guangling District
Yangzhou, Jiangsu, CHINA

Animal Magic Asia Ltd.
Attn.: Willlem
BV Transvaalkade 13 1092 JK
Amsterdam, NETHERLANDS

Ben Crudo Consulting Inc.
Attn.: Ben Crudo
4020 St-Ambroise Suite 198
Montreal Quebec, CANADA H4C2C7

Chase Card Services
Cardmember Service
PO Box 15153
Wilmington, DE 19886-5153

Distribution Alternatives dba DSS
Attn.: Margaret Zaro
435 Park Court
Lino Lakes, MN 55014

Labyrinth Sales
Attn.: Jackie Hughes
29500 Aurora Road Suite 8
Solon, OH 44139

Leo Guthart
96 I U Willets Road
Old Westbury, NY 11568

Major League Baseball Players' Assoc.
Attn.: Tim Anziano
12 East 49th Street
New York, NY 10017

Major League Baseball Properties, Inc.
Attn.: Karen Abdul
12 East 49th Street
New York, NY 10017

Marvel Characters B.V.
c/o Marvel Entertainment, LLC
Attn.: Yolanda Cruz
135 West 50th Street, 7th Floor
New York, NY 10019

NBA Properties, Inc.
Attn.: Lindsay Milne
P.O. Box 10602
Newark, NJ 07193

NFL Players Incorporated
Attn.: Iva Lamanna/Karen Austin
1133 20th Street, N.W.
Washington, DC 20036

NHL Enterprises, LP
Attn.: Mary Beth Hunt
185 Avenue of the Americas
New York, NY 10036

National Hockey League Players Assoc.
Attn.: Jennifer Coleman
10 Bay Street, Suite 1200,
Toronto, Ontario M5J 2R8, CANADA

STC Company Ltd
Attn.: Linda Chen
68 Fumin Nan Road, Dalang
Dongguan, Guangdong  CHINA

Soccer United Marketing
Attn.: Alyssa Charger
420 5th Avenue, 7th Floor
New York, NY 10018

Warner Brothers
c/o JP Morgan WBCP- LB#21477
131 S. Dearborn - 6th Floor
Chicago, IL 60603

Weiss-Rohlig USA LLC
Attn.: Shan Lam-Firms
Code I352
1601 Estates Avenue
Elk Grove Village, IL 60007

Wells Fargo Bank
481 W Germantown Pike
Plymouth Meeting, PA 19462