IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   BLEACHER CREATURES, LLC  Debtor | CHAPTER 11  No. 17-13162-jkf |

**CREDITOR BENJAMIN SHEIN'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Creditor Benjamin Shein (hereinafter "Shein"), by and through his counsel, Berger Law Group, P.C., hereby files this Reply Brief in Further Support of his Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362.

As an initial matter, despite the Debtor's assertions to the contrary, there is significant cause to grant Mr. Shein's Motion for Relief from Stay and the Court's failure to do so would prejudice Mr. Shein greatly. Specifically, if the Court does not grant Mr. Shein relief from stay to pursue his Federal security law claims against the Debtor's officer's and directors, the Court will essentially be completely cutting off Mr. Shein (and any other similar investor) from seeking justice for the officers' and directors' clear violations of the securities laws. The total blocking of justice simply cannot be the desire or the intention of this Court.

Moreover, it is not clear how granting relief from stay could ever prejudice the Debtor as Mr. Shein has made it quite clear he will seek no executable damages against the Debtor. Rather, he seeks to include the Debtor only as a necessary party.

Accordingly, the Court must permit Mr. Shein to pursue his securities law rights and remedies against the officers and directors of the Company.

### A. Mr. Shein's Claims are Not Time Barred

The Debtor makes numerous invalid arguments as to why Mr. Shein's Motion for Relief for Stay should be denied. The first is that Mr. Shein's claims are allegedly time barred. However, Mr. Mr. Shein's claims against the officers and directors are not time barred.

Specifically, the Debtor claims that Mr. Shein's action must have been filed before the bankruptcy bar date to be effective. However, as Mr. Shein seeks no damages against the Debtor, the bar date has no bearing on Mr. Shein's securities law action.

Moreover, the statute of limitations for filing a law suit based on the securities act is still well within the relevant time period. Specifically, Federal law provides that a securities fraud claim "may be brought not later than the earlier of (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation. 28 U.S.C. § 1658.

In this matter, Mr. Shein's statute of limitations did not start to run until he discovered the misrepresentations made by the Company's officers and directors, which discovery could not have been made any earlier than the Debtor's bankruptcy filing. Accordingly, the statute of limitations does not bar Mr. Shein's proposed action, and Mr. Shein's Motion for Relief for Stay must be granted.

### B. Mr. Shein Has Presented a Prima Facia Cause of Action

The Debtor also claims that Mr. Shein should not be granted relief from stay as he cannot show that he is likely to be successful on the merits of a securities law action. However, Mr. Shein has presented a prima facia cause of action for violations of the securities laws against the officers and directors of the debtor.

Mr. Shein's forthcoming securities law complaint will allege all of the required elements to

assert liability against the Company's officer and directors under the relevant securities laws related to their misrepresentations.

Specifically, Mr. Shein's Complaint will allege, *inter alia,* the following facts:

1. In May 2015, Mr. Shein made a $100,000.00 investment in the Company as part of a private offering of Class B preferred shares (the "Offering").

2. Pursuant to the Offering, Mr. Shein received a letter from the Company's President Matthew Hoffman and the Company's general disclosures (the "Disclosure Schedule") (collectively, the "Offering Documents").

3. The Company's Disclosures extolled the numerous licensing agreements that the Company purportedly had with major sports organizations and entertainment companies, as well as providing some disclosures relating to potential issues the Company may face.

4. Crucially, the Subscription Agreement states that "The Company's success will depend on its ability to establish licensing relationships with sports and entertainment franchises and relationships with retail partners as part of its marketing strategy." *See* Subscriber Agreement p. A3.

5. Moreover, the Disclosure Schedule for the Subscription Agreement listed active licensing agreements with a number of sports and entertainment entities.

6. Additionally, the Letter to Investors from Mr. Hoffman stated the following regarding the licensing: "I saw a great market opportunity…we have been able to expand beyond sports with partnerships with Marvel and DC…" *See* Investor Letter dated May 18, 2015.

7. However, despite these assurances that the Company's existing licenses and newly signed licenses would lead to greater profits and success for the Company, the Company filed for Bankruptcy protection under Chapter 11 on May 2, 2017, only two years after the private offering.

8. The Company has recently filed its Bankruptcy Plan and its Bankruptcy Disclosure Statement.

9. In its Plan, the Company seeks to fully impair and extinguish all equity holders' interest in the Company, including the Class B Preferred Stock holders such as Mr. Shein.

10. Additionally, in its Bankruptcy Disclosure Statement, the Company states that it was forced to file bankruptcy due, in part, to "the terms of certain of the Debtor's licenses, which required the Debtor to make minimum guaranteed payments to certain licensors, irrespective of actual sales of the licensed product. At the same time, certain of the Debtor's licensors prohibited the Debtor from selling their licensed products on Amazon.com, which had

historically proven to be a lucrative sales platform for the Debtor."

11. Additionally, the Company stated that "beginning in 2014, the Debtor attempted to expand its direct-to-consumer sales through the use of mall kiosks. This strategy did not result in the sales volumes the Debtor had expected, while at the same time burdening the Debtor with additional expenses."

12. Importantly, the issues with license holders had never been disclosed to Mr. Shein or the other purchasers from the private offering.

13. Rather, the Subscription Agreement, the Disclosure Schedule, and the May 18, 2015 Investor Letter made it appear that these licenses would lead to positive earnings for the Company, not drive its downfall.

14. Moreover, no mention of any kiosk issues was made in the offering documents, despite the fact that the kiosk program had been initiated in 2014, the year prior to the offering.

15. Accordingly, it appears that the Company and its President, Matthew Hoffman, may have made false and misleading statements regarding the Company's financial condition in relation to the offering.

16. Said misrepresentations may form the basis for liability under the federal securities laws, including the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act").

17. Specifically, Mr. Shein seeks recourse against the Company's officers/directors for their false and fraudulent statements related to the offering under section 10(b) and 20(a) of the Securities Exchange Act, Faye L. Roth Revocable Tr. v. UBS Painewebber Inc., 323 F. Supp. 2d 1279 (S.D. Fla. 2004), as well as under Section 12(2) of the Securities Act of 1933, 15 U.S.C.S. § 771(2), Wright v. Nat'l Warranty Co., L.P., 953 F.2d 256 (6th Cir. 1992).

Accordingly, Mr. Shein has presented a prima facie case for violations of the securities laws against the Company's officers and directors. As Mr. Shein has valid and enforceable claims against the Company's officers and directors, he must be permitted to pursue such claims and his motion for relief from stay must be granted

    C.    **Mr. Shein's Claims Are Not Derivative Claims A But Direct Claim To Be Brought By The Purchaser Of A Specific Offering Who Was Presented With Specific Misrepresentations**

Additionally, the Debtor claims that Mr. Shein should not be permitted to pursue his

securities law action claims, as Mr. Shein's claims are purportedly derivative claims that must be brought on behalf of the Company. However, Mr. Shein's claims are not derivative claims, but are direct claims brought by a purchaser of a specific offering who was presented with specific misrepresentations by the Company's officers and directors.

The action Mr. Shein seeks to file is not related to the officers' and directors' mismanagement of the Company but is rather based on the direct misrepresentations made by these individuals to Mr. Shein, a direct purchaser of the Company's shares from the Offering. Mr. Shein's damages are the complete devaluation of his personally held shares in the Company.

The general rule for determining whether an action asserts a direct or derivative claim is if the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belonging severally to him, or on a fraud affecting him directly, it is an individual action. *In Re Penn Central Securities Litigation*, 347 F. Supp. 1327 (E.D. Pa. 1972) (quoting 13 W. Fletcher, Corporations § 5911 (1970)). On the other hand, if the wrong is primarily against the corporation, the redress for it must be sought by the corporation, except where a derivative action by a stockholder is allowable, and a stockholder cannot sue as an individual. *Id.* The action is derivative, i.e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets. *Id. See also J. Moore, Federal Practice* § 23.1.16[1] (2d ed. 1969).

Accordingly, whether or not the Company has a cause of action against the officers and directors is a separate question, and does not relate to this direct injury caused by the officers and

directors to Mr. Shein. Mr. Shein simply would not have purchased his shares in the offering but for the misrepresentations of the Officers and Directors (thus, this is a direct injury suffered by Mr. Shein). Moreover, while the Company may have an action against the officers and directors due to their actions and mismanagement reducing the value of the Company, Mr. Shein's action relates to the express misrepresentations made directly to him by those officers and directors which caused him to purchase his shares and which led to his direct damages (the complete devaluation of his shares).

Therefore, as Mr. Shein suffered a distinct and direct injury as a result of the actions of the officers and directors, it is clear that Mr. Shein seeks to bring a direct action. Accordingly, Mr. Shein's Motion for Relief from Stay must be granted.

### D. The Company Has Director and Officer Liability Insurance That Will Ensure That It Will Not Be Damaged Or Prejudiced

Finally, the Debtor may not be prejudiced or damaged in any way if Mr. Shein is permitted to bring a securities action against the Company's officers and directors, as it is very likely that the Debtor has director and officer insurance that covers such malfeasance by its directors and officers.

If the Debtor has purchased said director and officer insurance, then any damages found against the Company or its officers and/or directors would be covered by such a policy. Also, the defense of the litigation brought against the directors and officers would be covered by the insurance company. Moreover, any indemnification for losses or costs would be covered by the policy.

While Mr. Shein is currently unaware of the exact type of director and officer insurance which is employed by the Debtor (be it side-A, side-B or side-C), Mr. Shein must be permitted to pursue his securities action against the officers and directors, and those officers and directors may then pursue the appropriate actions against the insurance policy.

Accordingly, as the Debtor's director and officer insurance policy should prevent the

Company from suffering any loss for indemnification, should reimburse the officers and directors, and cover litigation costs, the Debtor will not be prejudiced in any manner by allowing Mr. Shein to bring his securities action. Therefore, Mr. Shein's Motion for Relief from Stay must be granted.

### CONCLUSION

Accordingly, as Mr. Shein has shown that there is no prejudice to the Debtor if the motion for relief from is granted, and as Mr. Shein will be severely prejudiced if he is not permitted to bring his securities law action, and as Mr. Shein has set forth a prima facia case for securities law violations by the Company's officers and directors, and as Mr. Shein has suffered a direct injury, Mr. Shein should be granted relief from the automatic stay to exercise and enforce all of his rights and remedies against the Company as a necessary party with regard to a securities law action to the point of judgment.

BERGER LAW GROUP, P.C.

Dated: April 3, 2018    By:    /s/: Phillip D. Berger, Esq.
PHILLIP D. BERGER, ESQUIRE
11 Elliott Avenue, STE 100
Bryn Mawr, PA  19010
*Attorneys for Creditor Benjamin Shein*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

IN RE:  BLEACHER CREATURES, LLC          CHAPTER 11

            Debtor                       No. 17-13162-jkf

---

## CERTIFICATE OF SERVICE

I, Phillip D. Berger, Esquire, do hereby certify that on April 3, 2018, I caused a true and correct copy of the foregoing to be filed electronically.

Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

|  |  |
|---|---|
|  | BERGER LAW GROUP, P.C. |
| Dated: April 3, 2018 | By: /s/: Phillip D. Berger, Esq. |
|  | PHILLIP D. BERGER, ESQUIRE |
|  | 11 Elliott Avenue, STE 100 |
|  | Bryn Mawr, PA  19010 |
|  | *Attorneys for Creditor Benjamin Shein* |