United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Bleacher Creatures, LLC  
    Debtor

Case No. 17-13162-jkf  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: ChrissyW    Page 1 of 1    Date Rcvd: May 25, 2018  
                    Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 27, 2018.  
db          #+Bleacher Creatures, LLC,   527 Plymouth Road,   Suite 407,   Plymouth Meeting, PA 19462-1641

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                       TOTAL: 0

            ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 27, 2018                                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 25, 2018 at the address(es) listed below:

        DAVID M. KLAUDER   on behalf of Interested Party   Bleacher Acquisition, LLC dklauder@bk-legal.com, ahuber@bk-legal.com  
        GEORGE M. CONWAY   on behalf of U.S. Trustee   United States Trustee george.m.conway@usdoj.gov  
        GLEN P. CALLAHAN   on behalf of Creditor   Major League Baseball Players Association gcallahan@mccarter.com  
        JENNIFER R. HOOVER   on behalf of Debtor   Bleacher Creatures, LLC jhoover@beneschlaw.com, docket@beneschlaw.com;mbarrie@beneschlaw.com;lmolinaro@beneschlaw.com  
        MATTHEW RIFINO   on behalf of Creditor   Major League Baseball Players Association MRifino@McCarter.com, kmayer@mccarter.com  
        MICHAEL JASON BARRIE   on behalf of Plaintiff   Bleacher Creatures, LLC mbarrie@beneschlaw.com, docket@beneschlaw.com;jhoover@beneschlaw.com;lmolinaro@beneschlaw.com  
        MICHAEL JASON BARRIE   on behalf of Accountant   VINIAR & COMPANY mbarrie@beneschlaw.com, docket@beneschlaw.com;jhoover@beneschlaw.com;lmolinaro@beneschlaw.com  
        MICHAEL JASON BARRIE   on behalf of Debtor   Bleacher Creatures, LLC mbarrie@beneschlaw.com, docket@beneschlaw.com;jhoover@beneschlaw.com;lmolinaro@beneschlaw.com  
        NATALIE D. RAMSEY   on behalf of   Major League Baseball Properties, Inc. nramsey@mmwr.com, ECFdocuments@pacerpro.com;keith-mangan-mmwr-1628@ecf.pacerpro.com  
        PHILLIP D. BERGER   on behalf of   Beneficial Bank berger@bergerlawpc.com, kaufmann@bergerlawpc.com  
        PHILLIP D. BERGER   on behalf of Creditor Benjamin   Shein berger@bergerlawpc.com, kaufmann@bergerlawpc.com  
        REBECCA ANN SOLARZ   on behalf of Creditor   Toyota Lease Trust bkgroup@kmllawgroup.com  
        THOMAS DANIEL BIELLI   on behalf of Interested Party   Bleacher Acquisition, LLC tbielli@bk-legal.com, cstephenson@bk-legal.com;acarrillo@bk-legal.com  
        United States Trustee   USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                                                              TOTAL: 14

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BLEACHER CREATURES, LLC, | : | Case No. 17-13162 (JKF) |
| | : | |
| Debtor.[1] | : | |
| | : | |

**ORDER CONFIRMING DEBTOR'S SMALL BUSINESS PLAN OF LIQUIDATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

WHEREAS, on November 3, 2017, Bleacher Creatures, LLC (the "Debtor") filed the *Debtor's Small Business Plan of Liquidation* (Dkt. No. 139) (the "Plan")[2] and accompanying *Disclosure Statement to its Small Business Plan of Liquidation* (Dkt. No. 140) (the "Disclosure Statement"); and

WHEREAS, on December 6, 2017, the Court entered the *Order Conditionally Approving (I) Disclosure Statement; and (II)(A) Scheduling Hearing to Consider Final Approval of Disclosure Statement and Confirmation of Debtor's Small Business Plan of Liquidation and (B) Fixing Objecting and Voting Deadlines* (Dkt. No. 151) (the "Disclosure Statement Order"); and

WHEREAS, on December 12, 2017, the Debtor served the Plan, Disclosure Statement, Class 5 Ballot for Accepting or Rejecting the Plan, and the Disclosure Statement Order (together, the "Solicitation Package") upon all parties-in-interest entitled to such service (*see* Dkt. No. 164); and

WHEREAS, on February 6, 2018, counsel for the Debtor filed the *Declaration of Kevin M. Capuzzi Regarding Tabulation of the Ballots Accepting or Rejecting the Debtor's Small Business Plan of Liquidation* (Dkt. No. 174); and

---

[1] The last four digits of the Debtor's federal tax identification number are (4547). The principal place of business of the Debtor is 527 Plymouth Road, Suite 407, Plymouth Meeting, Pennsylvania 19462.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

WHEREAS, the Court held a hearing to consider final approval of the Disclosure Statement and confirmation of the Plan on May 15, 2018 (the "Confirmation Hearing");

NOW, THEREFORE, IT IS HEREBY FOUND AND DETERMINED THAT:[3]

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Debtor's bankruptcy case (the "Bankruptcy Case") and the Plan pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (L) & 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 & 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code") and should be confirmed.

2. <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of the Bankruptcy Case and all related adversary proceedings maintained by the Clerk of the U.S. Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") including, without limitation, all documents filed, all orders entered, and all evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Bankruptcy Case.

3. <u>Transmittal and Mailing of Materials; Notice</u>.  The Solicitation Package was served in accordance with the applicable requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules"), and the Disclosure Statement Order, and such service and notice of the Plan and Confirmation Hearing was adequate and sufficient, and no other or further notice was or is required.

---

[3] Pursuant to Fed. R. Bankr. P. 7052, as made applicable to contested matters under Fed. R. Bankr. P. 9014, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

4.  <u>Voting</u>.  Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order.

5.  <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

6.  <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  The claims and equity interests placed in each Class are substantially similar to other claims and equity interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of claims and equity interests created under the Plan, and such Classes do not unfairly discriminate between holders of claims and equity interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

7.  <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Article IV of the Plan specifies that Classes 1-4 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

8.  <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Article IV of the Plan designates Classes 5 and 6 as impaired and specifies the treatment of claims and equity interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

9.  <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment for each claim or equity interest in each respective Class unless the holder of a particular claim or equity interest has agreed to a less favorable treatment of such claim or equity interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

10. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for the Plan's implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

11. <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>.  Article VII of the Plan provides that the Debtor will be dissolved on the Effective Date.  Thus, the requirements of section 1123(a)(6) of the Bankruptcy Code are satisfied.

12. <u>Designation of Administrative Agent (11 U.S.C. § 1123(a)(7))</u>.  The Plan's provisions with respect to the manner of selection of any officer, director, or trustee under the Plan are consistent with the interests of creditors, equity security holders, and public policy in accordance with section 1123(a)(7) of the Bankruptcy Code.

13. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

14. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the party submitting it as proponent, thereby satisfying Bankruptcy Rule 3016(a).

15. <u>Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  The Debtor has complied with the disclosure and solicitation requirements of section 1125 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

16. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and record of this Bankruptcy Case, including the record of the Confirmation Hearing and other proceedings held in the Bankruptcy Case.

17. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, have been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

18. <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliation of the person proposed to serve as the manager of the Debtor after confirmation of the Plan has been disclosed in the Plan, and the appointment of such person is consistent with the interests of holders of claims against and equity interests in the Debtor and with public policy.

19. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. Implementation of the Plan will not affect in any manner rates established or approved by, or otherwise subject to, any governmental regulatory commission, rendering section 1129(a)(6) of the Bankruptcy Code inapplicable.

20. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. Each holder of an impaired claim or equity interest has either accepted the Plan or will receive or retain under the Plan, on account of such claim or equity interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date, satisfying section 1129(a)(7) of the Bankruptcy Code.

21. <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Class 1 (Secured Claims of Beneficial Savings Bank and Distribution Alternatives), Class 2 (Secured Claim of Toyota Lease Trust), Class 3 (Secured Claim of Pennsylvania Department of Revenue), and Class 4 (Priority Claims) of the Plan are Classes of unimpaired claims that are conclusively

presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 5 (General Unsecured Creditors) voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. Class 6 (Equity Interest Holders of the Debtor) is not entitled to receive or retain any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. In the event section 1129(a)(8) has not been satisfied with respect to Class 6 (Equity Interest Holders of the Debtor), the Plan is confirmable because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to such rejecting Class.

22.    <u>Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Priority Tax Claims, Administrative Expense Claims, and United States Trustee Fees pursuant to Article III of the Plan satisfies the requirements of sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims pursuant to Article III of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code. The Treatment of the Secured Claim of Pennsylvania Department of Revenue (Class 3) satisfies section 1129(a)(9)(D) of the Bankruptcy Code.

23.    <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.   Class 5 (General Unsecured Creditors) is a Class of claims against the Debtor that is impaired under the Plan, and has accepted the Plan, determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

24.    <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, or any successor to the Debtor under the Plan, except as provided in the Plan, and thus satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

25. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under section 1930 of title 28 of the United States Code have been paid or will be paid pursuant to Article III of the Plan on or before the Effective Date, and continue to be paid as appropriate thereafter.

26. <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. Section 1129(a)(13) is not applicable because the Debtor is not obligated to pay any retiree benefits.

27. <u>Transfers of Property (11 U.S.C. § 1129(a)(16))</u>. All transfers of property under the Plan will be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation, thus satisfying section 1129(a)(16) of the Bankruptcy Code.

28. <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>. Class 6 (Equity Interest Holders of the Debtor) is deemed to have rejected the Plan (the "Rejecting Class"). No holder of a claim or interest that is junior to the claims and interests of the Rejecting Class will receive or retain any property under the Plan. Therefore, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class, as required by section 1129(b)(1) and (2) of the Bankruptcy Code. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of the Rejecting Class.

29. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended.

30. <u>Modifications to the Plan</u>. Any modification of the Plan (except as otherwise specifically modified in this Order) set forth in the Plan were properly noticed in accordance with Bankruptcy Rule 3019 and constitute technical changes and do not materially adversely change the treatment of any claims or equity interest. Accordingly, pursuant to Bankruptcy Rule

3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that holders of claims or equity interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

31. <u>Satisfaction of Confirmation Requirements</u>. As provided herein, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

### DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. <u>Confirmation</u>. The Plan is approved and confirmed under section 1129 of the Bankruptcy Code. All objections to the Plan, whether formal or informal, that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan, are overruled on the merits. The terms of the Plan, as modified by this Order, are incorporated herein by reference into and are an integral part of this Order.

2. <u>Technical Amendments</u>. Any modifications or amendments to the Plan contained in this Order meet the requirements of section 1127 of the Bankruptcy Code and Rule 3017 of the Bankruptcy Rules, as such modifications do not materially adversely change the treatment of any creditor or any equity interest holder without his, her, or its consent, and thus no further solicitation or voting is required.

3. <u>Binding Effect</u>. This Order and the Plan and its provisions shall be binding upon the Debtor, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a claim against or equity interest in the Debtor, including all governmental entities, whether or not the claim or equity interest of such holder is impaired under the Plan and whether

or not such holder or entity has accepted or rejected the Plan. Pursuant to 11 U.S.C. § 1141(d)(1)(B), all rights and interests of equity security holders are terminated.

4. <u>Post-Confirmation Debtor Management</u>. As of the Effective Date, Matthew Hoffman shall serve as the Debtor's disbursing agent and sole manager until such date as he may resign or be replaced in accordance with the Debtor's governing documents.

5. <u>General Authorization</u>. The Debtor is authorized to take all steps necessary to implement and effectuate the Plan and the transactions contemplated by the Plan in the manner set forth therein. The Debtor is authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, including to execute and/or file any report, certificate of cancellation, or other corporate documents, whether or not specifically referred to in the Plan, without further order of the Court or action or authorization by any party, and any or all such documents shall, to the extent necessary, be accepted by each of the respective state filing offices and recorded in accordance with applicable state law and shall be effective in accordance with their terms and the provisions of state law.

6. <u>Corporate Action</u>. As of the Effective Date, all matters provided for under the Plan that would otherwise require approval of the members or directors of the Debtor shall be in full force and effect from and after the Effective Date without any requirement of further action by the members or directors of the Debtor.

7. <u>Governmental Approvals Not Required</u>. This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any

other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements and any amendments or modifications thereto.

8. <u>Plan Classification Controlling</u>.  The classifications of claims and equity interests for purposes of making distributions under the Plan shall be governed solely by the terms of the Plan. For the avoidance of doubt, the classifications set forth on the ballots tendered to or returned by the Debtor's creditors in connection with voting on the Plan (a) were set forth on the ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such claims under the Plan for distribution purposes, and (c) shall not be binding on the Debtor.

9. <u>Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. §§ 365(a) and 1123(b)(2))</u>.  Except to the extent that any executory contract or unexpired lease has been previously assumed or rejected pursuant to an Order of this Court, all executory contracts that are not designated to be assumed (and assigned, as applicable) by the Debtor in the Plan shall be deemed rejected as of the Effective Date. This Order shall constitute an order under section 365 of the Bankruptcy Code approving the assumptions, assignments, and rejections described above. **A proof of claim arising from the rejection of an executory contract or unexpired lease under this Order and the Plan shall be filed no later than 30 days after the date of this Order in accordance with the requirements of the *Order (I) Fixing a Bar Date for Filing Proofs of Claim; (II) Approving Proposed Bar Date Notice; and (III) Approving Proposed Notice Procedures* (Dkt. No. 92) (the "<u>Bar Date Order</u>") or forever be barred.**

10. **<u>Bar Date for the Filing and Assertion of Professional Claims</u>.  All requests for final payment of a Professional Claim that arose after May 2, 2017 and before the**

- 10 -

**Effective Date and that has not already been paid, released, or otherwise settled must be filed with the Bankruptcy Court and served upon counsel to the Debtor and the United States Trustee (and notice thereof must also be served on all parties who have requested notice in the Bankruptcy Cases) by no later than sixty (60) days after the Effective Date, or such extended date as the Bankruptcy Court may allow. Any request for payment of a Professional Claim that is not timely filed as set forth above will be forever barred. All Professional Claims incurred after the Effective Date of the Plan shall not be subject to Bankruptcy Court approval and shall be paid within the terms agreed to by and between the Debtor and such professional.**

11. <u>Revesting of Property and Retention of Actions and Defenses</u>.  Except as otherwise specifically provided in the Plan and this Order, as of the Effective Date, all property of the Debtor or the Debtor's estate shall vest in and be property of the Debtor, and shall be under the exclusive dominion and control of the Debtor for the benefit of the creditors of the Debtor's estate. No claims shall be brought against the Debtor without first obtaining leave from the Bankruptcy Court.

12. <u>Transfer of Estate Assets</u>.  The transfer, sale, assignment, or other disposition of any assets of the Debtor's estate shall be made pursuant to the terms of this Plan and, accordingly, to the fullest extent permitted by law, any transfers from the Debtor to any other person pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee or similar tax, mortgage recording tax, or other similar tax or governmental assessment, and this Order shall serve as a direction to the appropriate state or local government officials to forgo the collection of any such tax or governmental assessment and to accept for

filing and recordation any of the foregoing instruments or other documents without payment of any such tax or governmental assessment.

13. <u>Termination of Injunctions and Automatic Stay</u>. Unless otherwise provided herein or in a final order of the Bankruptcy Court, all injunctions or stays provided for in the Bankruptcy Case pursuant to section 362 of the Bankruptcy Code and in effect on the date of this Order shall remain in full force and effect until the Effective Date.

14. <u>Conflicts Between Confirmation Order and Plan</u>. To the extent of any inconsistency between the provisions of the Plan and this Order, the terms and conditions contained in this Order shall govern. The provisions of this Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of this Bankruptcy Court. The failure to reference or discuss all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect, and enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

15. <u>Modification/Reversal</u>. If any provision of this Order is hereafter modified, vacated, or reversed by subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity or enforceability of the obligations incurred or actions undertaken in connection with the Plan before such modification, vacatur, or reversal, unless such order specifically provides otherwise.

16. <u>Jurisdiction</u>. Following the Effective Date, and notwithstanding the entry of this Order, the Bankruptcy Court shall retain exclusive jurisdiction of the Bankruptcy Case and all matters arising under, arising out of, or related to, the Debtor, the Bankruptcy Case, the Plan, and the assets revested in the Debtor under this Order, to the fullest extent permitted by law.

17.     Effective Date.  Notwithstanding anything in the Plan or this Order to the contrary, the Effective Date shall be a date determined by the Debtor, which shall be as early as practicably possible. The Debtor shall provide notice of the Effective Date within three business days of the Effective Date.

18.     MLBP Stipulation.  The Stipulation entered into among the Debtor, Major League Baseball Properties, Inc., and Uncanny Brands, LLC, as approved by Order of this Court dated April 11, 2018 (Docket No. 201) (the "MLBP Stipulation") shall remain in full force and effect, and the Prepetition Claim, Admin. Expense Claim, and Rejection Damages Claim (each as defined in the MLBP Stipulation) shall be allowed claims against the Debtor in the amount, and with the priority, set forth in the MLBP Stipulation.

19.     Notice of Entry of Confirmation Order.  The Debtor shall provide notice of entry of this Order within three business days of entry of this Order.

Dated: May 25                    , 2018
       Philadelphia, Pennsylvania

_____
Jean K. FitzSimon
United States Bankruptcy Judge

- 13 -