**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:   BLEACHER CREATURES, LLC<br><br>Debtor | CHAPTER 11<br><br>No. 17-13162-jkf |

**CREDITOR BENJAMIN SHEIN'S ADDITIONAL SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF HIS MOTION SEEKING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Creditor Benjamin Shein (hereinafter "Shein"), by and through his counsel, Berger Law Group, P.C., hereby files this Additional Supplemental Brief in Further Support of his Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 ("Shein's Motion for Relief from Stay").

During the oral argument held before the Court on September 27, 2018, counsel for the Debtor raised the purported applicability of an Oklahoma Court of Civil Appeals Case being *Watkins v. Hamm,* 419 P.3d 353 (Ok. Ct. Appl., 2017) ("*Watkins*") as allegedly being applicable to the legal review of this matter. Debtor's counsel raised this case to allegedly support the Debtor's contention that the laws of Delaware and Oklahoma are the same with regard to the question of whether an action is derivative or direct. However, there is simply no way to read *Watkins* in the manner suggested by Debtor's counsel. Rather, *Watkins* clearly provides that the Oklahoma Courts have <u>not</u> extended the ability for plaintiffs to bring direct actions against companies nearly as broadly as Delaware which allows the bringing of direct claims.

In *Watkins*, the Oklahoma Court of Appeals reviewed the sole issue of "whether Oklahoma recognizes a direct action by shareholders against corporate officers and directors". *Id.* at 356. As an initial step in the Court's analysis, the Court stated "Oklahoma's corporate law is derived from the corporate law of Delaware" and that "<u>Delaware law recognizes a direct action against corporate</u>

officers and directors" (emphasis added). *Id.* However, the *Watkins* Court went on to say that "Oklahoma has not previously recognized a direct action by shareholders. The only statutory action authorized is the stockholders' derivative action." *Id.* The Court further stated that contrary to Oklahoma, Delaware has long "recognized the … possibility of a direct action since at least 1953". *Id.* at 358. The *Watkins* Court cited *Gentile v. Rossette,* 906 A.2d 91 (Del. 2006) (*"Gentile"*) as being the leading case recognizing direct claims in Delaware. *Gentile* specifically recognized that shareholders of a Delaware corporation may maintain a direct cause of action against a company. *Id.*

The *Watkins* Court, however, found that pursuant to Oklahoma law, the Oklahoma court could not rely on *Gentile* nor find a direct cause of action for shareholders. *Id.* at 360. *Watkins* Court stated that "Although recognized by Delaware law, we decline to adopt…the direct cause of action in shareholder litigation." (emphasis added) *Id.* at 362.

Accordingly, given the express findings of the Court in *Watkins* (who declined to follow *Gentile* and Delaware's recognition of the direct cause of action in shareholder litigation) it is not clear how the Debtor can continue to claim that the law of Delaware and Oklahoma are the same with regard to direct actions in shareholder litigation, nor why this Court should follow Oklahoma law. The Oklahoma Courts have simply not extended the direct cause of action in shareholder litigation, while the Delaware Courts have specifically recognized a shareholder's right to bring a direct cause of action. Therefore, the Debtor's reliance on *Watkins* is severely misguided, as is the Debtor's prior reliance on *In re SemCrude,* 796 F.3d 310 (3d Cir. 2015).

While *In re SemCrude* is a Third Circuit case, it was specifically decided under Oklahoma law and does not represent the applicable Delaware law. While this Court can look to *In re SemCrude* and/or the *Watkins* case to determine how Oklahoma law reviews whether Mr. Shein as a

shareholder of the Debtor (being a Delaware corporation) could maintain a direct cause of action, such a determination based on either of those cases would be a mistake of law.

Pursuant to applicable Delaware law, <u>fraudulent inducement</u> is a separate and individual injury, and therefore permits a plaintiff to state a direct claim. *See, e.g., Albert v. Alex. Brown Mgmt. Serv., Inc.*, Nos. Civ. A. 762-N, Civ. A 763-N, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607, at *12 (Del. Ch. Aug. 26, 2005).

Pursuant to Delaware law which applies to this matter, fraudulent inducement claims are direct because they allege a harm suffered by a shareholder independent of the corporation. *See Albert*, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607, at *12 (finding that the company was not harmed by the alleged disclosure violations, and that any harm was to the unitholders individually who either lost their opportunity to request a withdrawal from the funds from the managers, or to bring suit to force the managers to redeem their interests); *see also Gentile v. Rossette,* 906 A.2d 91 (Del. 2006) (finding a direct cause of action for shareholders).

As Mr. Shein suffered a loss of $100,000.00 due to the Debtor's officer's and director's fraudulent inducement, misrepresentations and omissions, Mr. Shein maintains a direct claim against those individuals pursuant to the applicable Delaware law, which is the law to be applied to this matter.

## **CONCLUSION**

As Mr. Shein has shown that he suffered a direct injury due to the Debtor's officers and directors fraudulent inducement, and as Delaware law specifically recognizes that Mr. Shein maintains a direct cause of action against said officers and directors, and as Mr. Shein has shown that there is insurance coverage for both the directors and officers and for the Debtor, Mr. Shein should be granted relief from the automatic stay to exercise and enforce all of his individual rights and remedies in this matter.

BERGER LAW GROUP, P.C.

Dated:  October 2, 2018            By:    /s/:  Phillip D. Berger, Esq.
                                   PHILLIP D. BERGER, ESQUIRE
                                   *Attorneys for Creditor Benjamin Shein*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:   BLEACHER CREATURES, LLC | CHAPTER 11 |
| Debtor | No.  17-13162-jkf |

**CERTIFICATE OF SERVICE**

    I, Phillip D. Berger, Esquire, do hereby certify that on October 2, 2018, I caused a true and correct copy of the foregoing to be filed electronically.

    Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                           BERGER LAW GROUP, P.C.

Dated:  October 2, 2018                By:   /s/:  Phillip D. Berger, Esq.
                                               PHILLIP D. BERGER, ESQUIRE
                                               919 Conestoga Road
                                               Building 3, Suite 114
                                               Rosemont, PA  19010
                                               *Attorneys for Creditor Benjamin Shein*